# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES SMITH and KATHLEEN
SMITH,

        Plaintiffs,

v.                                                            Case No. 6:25-cv-189-JA-LHP

WESTGATE RESORTS, LTD.,

        Defendant.

_____

## ORDER

In this action arising out of the 2016 sale of a timeshare, before the Court is Defendant's amended motion to dismiss (Doc. 17), Plaintiffs' response in opposition (Doc. 19), and Defendant's reply (Doc. 28). For the following reasons, and as stated at oral argument, the motion to dismiss is granted. However, Plaintiffs will be permitted to file an amended complaint.

## I.    BACKGROUND

In 2007, Plaintiffs executed a contract to purchase a timeshare interest located in Florida. (Doc. 1-1 ¶ 9). While vacationing in 2016, Plaintiffs decided to upgrade their first timeshare interest by trading it in as credit toward the purchase of a second timeshare interest located in Williamsburg, Virginia. (*Id.* ¶¶ 10, 17–18). Defendants assert—and Plaintiff does not refute—that the contract for the second purchase was executed in South Carolina.

Approximately nine years after Plaintiffs' second timeshare purchase, they sued Defendant in Florida state court seeking rescission. As grounds for relief, Plaintiffs make the following claims: negligent and fraudulent misrepresentation (Counts 1 and 2); negligent and fraudulent concealment of the public offering statement (Counts 3 and 4); negligent and fraudulent concealment of successor liability (Counts 5 and 6); violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 (Count 7); violation of the Dodd–Frank Wall Street Reform and Consumer Protection Act (Dodd–Frank), 12 U.S.C. § 5301 (Count 8); negligent misrepresentation and "intentionally negligent" concealment of licensure (Count 9); violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), § 501.204, Fla. Stat. (Count 10); concealment of the arbitration clause and mitigation limitation clauses (Count 11); and violation of the Florida Vacation Plan and Timesharing Act (Florida Timeshare Act), § 721.01, Fla. Stat. (Count 12). Plaintiffs also assert a separate claim (Count 13) for "attorney fees, costs, damages, and punitive damages." (Doc. 1-1 at 33). Defendant removed the action to this Court on February 5, 2025. (Doc. 1).

## II.   LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.   DISCUSSION

Defendant argues that the complaint is due to be dismissed because it is a shotgun pleading, applies inapplicable Florida law, fails to state cognizable claims, and pleads time-barred claims. (Doc. 17 at 2–3).

*A.     The complaint is a shotgun pleading*

As an initial matter, the complaint is due to be dismissed as a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citing Fed. Rs. Civ. P. 8(a)(2) and 10(b)). In *Weiland*, the Eleventh Circuit outlined four rough types of shotgun pleadings, all of which "fail . . . to give the defendants adequate

notice of the claims against them and the ground upon which each claim rests." *Id.* at 1323.

Here, the complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." 792 F.3d at 1321–23; (*see* Doc. 1-1 ¶¶ 48, 65, 81, 101, 114, 123, 136, 152, 177, 196). Plaintiffs agreed at oral argument that the complaint is a shotgun pleading that requires amendment.

Thus, the complaint is due to be **dismissed** as a shotgun pleading.

B.     *Counts 1–4, 9, 10, and 12 are based on inapplicable Florida law*

Next, Counts 1–4, 9, 10, and 12 are due to be dismissed because they are based on Florida law, which does not apply to this action. Plaintiffs argue that Florida law applies under the second purchase agreement's choice-of-law provision. Alternatively, Plaintiffs argue that Florida law applies because the purchase agreement is void and the defendant has subjected itself to Florida's substantive law by virtue of its incorporation in Florida. But these arguments are nonsensical and are without merit.

Although Plaintiffs purport to rely on the "choice of law clause" in the second purchase agreement, (*see* Doc. 19 at 7–8), the choice-of-law provision of that agreement specifies the law of Virginia—not Florida—as the governing law, (*see* Doc. 1-3 at 10 ¶ 22.a.). The clause that Plaintiffs characterize as the

choice-of-law clause is actually the venue clause of the agreement, which provides for venue in Florida state and federal courts, (*see id.* ¶ 22.b.). Thus, Virginia law applies under the terms of the second purchase agreement.

And Plaintiffs' other argument fares no better. Plaintiffs assert that Defendant's incorporation in Florida is enough to apply Florida substantive law to Defendant, but Plaintiffs provide no legal authority supporting this position. And other than Defendant's incorporation in Florida, Plaintiffs fail to allege any facts supporting application of Florida's substantive law.[1] The second timeshare was allegedly sold in South Carolina and is located in Virginia. Florida law does not apply to this action, and Counts 1–4, 9, 10, and 12 are due to be **dismissed**.

C.    *Counts 5 and 6 fail to state plausible claims*

Counts 5 and 6—for negligent and fraudulent concealment—are also due to be dismissed because there are no allegations supporting concealment of a successor liability clause. (Doc. 1-1 ¶¶ 116–30). Plaintiffs argue there is a

---

[1] Defendant also contends that Florida's Timeshare Act does not apply to it under section 721.20, Florida Statutes, which provides that the act is inapplicable "to those individuals who offer for sale only timeshare interests in timeshare property located outside this state and who do not engage in any sales activity within this state or to timeshare plans which are registered with the Securities and Exchange Commission." § 721.20(5), Fla. Stat.; (Doc. 17 at 9–10). Plaintiffs have not responded to this argument. And to the extent the complaint alleges that Defendant is subject to the Florida Timeshare Act by being a "multisite timeshare plan," the second timeshare interest is not a "multisite timeshare." *See* § 721.52(4), Fla. Stat. Instead, the second timeshare interest relates solely to one geographic site, located in Williamsburg, Virginia.

successor liability clause in the second purchase agreement: "[t]his Contract is binding upon the parties hereto and their heirs, legal representatives, successors and assigns." (Doc. 1-3 at 10). But Plaintiffs do not explain how this clause requires Plaintiffs' successors to accept Plaintiffs' timeshare interest and be bound by it.

Assuming the clause has the meaning ascribed to it by Plaintiffs, Plaintiffs have failed to allege any facts that indicate Defendant or its agent concealed it. During oral argument, Plaintiffs' counsel stated that there were several ways that these clauses are usually concealed. But she acknowledged that here, the complaint fails to allege specific facts regarding fraudulent concealment. *See* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"); *cf. Hurry v. GM LLC*, 622 F. Supp. 3d 1132, 1153–54 (M.D. Ala. 2022) (finding dismissal of fraudulent omission claims unwarranted under Rule 9(b) where complaint specifically alleged circumstances of fraud); *Johnson v. Aecom Energy & Constr., Inc.*, No. 23-cv-61258, 2024 WL 5341716, at *3 (S.D. Fla. May 22, 2024) (applying Rule 9(b) to negligent misrepresentation claim).

Accordingly, the motion to dismiss is **granted** as to Counts 5 and 6.

D.     *Counts 7 and 8 fail to state plausible causes of action*

Next, Defendant argues that Plaintiffs' RESPA (Count 7) and Dodd–Frank (Count 8) claims fail because they are based on statutes that do not

provide Plaintiffs a cognizable civil remedy. (Doc. 17 at 12).

Plaintiffs' RESPA claim is premised on the allegations that Defendant failed to explain RESPA to them. But Plaintiffs do not cite any case law providing that a failure to explain RESPA is actionable. *See Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1163 (N.D. Cal. 2011) (explaining that "RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services; (2) requiring a buyer to use a title insurer selected by the seller; and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan" (citations omitted)). And Plaintiffs' counsel has been on notice since at least November 4, 2024, that a failure to explain RESPA is not a basis for a RESPA claim. (Doc. 17 at 14 (citing *Whatley v. Hilton Grand Vacations, Inc.*, No. 6:24-cv-1922, (Doc. 10 at 2) (M.D. Fla. Nov. 4, 2024) ("Plaintiffs' alleged violation of RESPA does not include any facts supporting how Defendant violated the statute's provisions"))).[2]

Similarly, Plaintiffs' Dodd–Frank claim fails because they do not allege

---

[2] In *Whatley*, the facts alleged regarding the RESPA claim were identical to those alleged here: "The financing offered by Defendant to Plaintiffs is regulated by RESPA. The implications of RESPA were not explained by Defendant to Plaintiffs as part of the timeshare sales meeting. Plaintiffs did not know their rights under RESPA. If the [d]efendant had explained RESPA to Plaintiffs, Plaintiffs would not have signed the timeshare documents." *Compare Whatley*, No. 6:24-cv-1922, (Doc. 1-1 ¶¶ 248–50), *with* (Doc. 1-1 ¶¶ 133–35).

that they are whistleblowers. *Davis v. Bank of Am. Mortg. Servicer*, No. 8:19-CV-1582, 2019 WL 11502853, at *2 (M.D. Fla. Oct. 24, 2019), *report and recommendation adopted,* No. 8:19-CV-1582, 2019 WL 11502804 (M.D. Fla. Nov. 15, 2019) (stating that Dodd–Frank Act only creates a private cause of action for whistleblowers); *see Whatley*, No. 6:24-cv-1922, (Doc. 10 at 2) ("Plaintiffs do not allege that they were whistleblowers, so they have not properly asserted a claim under Dodd–Frank"). Plaintiffs agree that Count 8 (their Dodd–Frank claim) should be dismissed.

Thus, Counts 7 and 8 are due to be **dismissed** for failure to state a claim.

*E.    Count 11 is based on a non-existent arbitration agreement*

Next, Defendant argues that Count 11, titled "concealing the arbitration clause and mitigation limitation clauses," fails because the parties do not have an arbitration agreement. (Doc. 17 at 20–21). At oral argument, Plaintiffs agreed that the second purchase agreement does not contain an arbitration clause and that this count should be dismissed.

Thus, Count 11 is due to be **dismissed**.

*F.    Count 13 must be dismissed because it is not a claim but a list of desired remedies*

Next, Count 13—titled "attorney fees, costs, damages, and punitive damages"—is due to be dismissed because it is a list of requested remedies rather than a cause of action. (Doc. 1-1 at 33). It is unnecessary "to set out a

separate count for . . . damages." *Foley v. Orange Cnty., Fla.*, No. 6:12-CV-269, 2012 WL 6021459, at *7 (M.D. Fla. Dec. 4, 2012). "[A] claim for damages must be linked to a substantive claim for relief" rather than being asserted as "a freestanding cause of action." *Id.*; *see Phillips v. Cook Inc.*, No. 8:21-cv-1819, 2021 WL 3209860, at *2 (M.D. Fla. July 29, 2021); *see also Ashwood Comput. Co. v. Zumasys, Inc.*, No. 1:20-cv-29, 2024 WL 3373307, at *14 (S.D. Ohio July 10, 2024) (dismissing cause of action for specific performance because "a remedy is not a cause of action").

Accordingly, Count 13 is due to be **dismissed**.

G.    *The claims are time-barred*

Finally, the complaint is due to be dismissed because the statute of limitations on the claims asserted by Plaintiffs has run. While the parties dispute which state's statute of limitations applies here, even if the Court assumes that the longest available time limit applies, Plaintiffs' claims are still time-barred.[3]

Defendants argue that the statute of limitations began to run on December 7, 2016, when the parties entered into the second timeshare purchase agreement and is therefore expired. Plaintiffs, however, assert that because of

---

[3] Plaintiff contends that Florida's four-year statute of limitations applies. (*See* Doc. 19 at 8; Doc. 28 at 4; Doc. 23 at 12 & n.1, 13 & n.2 (discussing statute of limitations under Florida, South Carolina, and Virginia law)). The parties do not dispute that the longest statute of limitations asserted to be applicable is four years.

the delayed discovery doctrine, their claims are not time-barred. "The delayed discovery doctrine generally provides that a cause of action does not accrue until the plaintiff[s] either know or reasonably should know of the tortious act giving rise to the cause of action." *R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 921 (Fla. 2020). Plaintiffs assert that they were unaware of Defendant's tortious acts because of problems with Defendant "delaying their ability to book and use the [second] timeshare." (Doc. 1-1 ¶ 30). Plaintiffs argue that the statute of limitations did not begin to run until December 18, 2023, when they consulted The Timeshare Law Firm and learned that "Defendant's staff members were required to be licensed real estate agents" and owed Plaintiffs "licensure duties." (Doc. 1-1 ¶ 211).

Plaintiffs' argument is unavailing because the delayed discovery doctrine does not toll the statute of limitations if Plaintiffs lack knowledge of the law rather than the facts underlying a potential claim. (Doc. 17 at 8–9 (citing *Chidiac v. Cadillac Gage Co.*, 541 So. 2d 650, 650–51 (Fla. 3d DCA 1989), and *Becks v. Emery-Richardson, Inc.*, Nos. 86–6866–CIV, 87–1554–CIV, 1990 WL 303548 (S.D. Fla. Dec. 21, 1990))). Indeed, "mere ignorance of the existence of the cause of action without more will not postpone the operation of the statute of limitations." *Chidiac*, 541 So. 2d at 650 (quoting *Dovenmuehle, Inc. v. Lawyers Title Ins. Corp.*, 478 So. 2d 423, 424–25 (Fla. 4th DCA 1985)).

Here, Plaintiffs had actual notice in 2016 of the facts that form the basis

of the claims they assert in the complaint.  Therefore, the statute of limitations began to run as of that time, and it bars Plaintiffs' causes of action brought eight years later.

Thus, as currently pleaded, Plaintiffs' claims are time-barred, and the complaint is due to be **dismissed** for this reason.

IV.    CONCLUSION

Accordingly, the defendant's amended motion to dismiss (Doc. 17) is **GRANTED**.    The complaint is **dismissed** without prejudice.  Based on the issues presented in this case and others in this district, it is far from clear that Plaintiffs will be able to allege plausible and timely claims against Defendant. However, Plaintiffs will be provided an opportunity to amend the complaint.  On or before **May 21, 2025**, Plaintiffs may file an amended complaint that complies with the Federal Rules of Civil Procedure, the Middle District of Florida's Local Rules, and other applicable law.

**DONE** and **ORDERED** in Orlando, Florida, on April 30, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

11